UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:93-cr-70-FTM-29DNF

BRANDT ALONZO RICE
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #163), filed on April 15, 2008.  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing

Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

In this case defendant is not eligible for a sentence reduction because the application of Amendment 706 does not have the effect of lowering his applicable guideline range.

---

[1] <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

At the original sentence, defendant was held accountable for in excess of 15 kilograms of cocaine base. The Base Offense Level for the 15 kilograms of cocaine base was Base Offense Level 42. After an upward adjustment of four levels because of defendant's role as an organizer or leader and a three level reduction for acceptance of responsibility, the Total Offense Level was 43. Defendant's Criminal History Category was Category VI. The resulting Sentencing Guideline range was Life. The Court granted an eight level reduction based upon the government's motion for a downward departure based upon substantial assistance, and Defendant was sentenced to 300 months imprisonment. The Court later granted a sentence reduction based on Amendment 505, which capped the base offense level at 38, and defendant was sentenced to 235 months imprisonment.

Applying Amendment 706, the Court determines that defendant's Base Offense Level remains at 38. The new amendment did not reduce the Base Offense Level for quantities of cocaine base of 4.5 kilograms or more. See U.S.S.G. § 2D1.1(c) Drug Quantity Table. Therefore, even allowing the same departures as previously determined, defendant's Sentencing Guidelines range is not lowered by the new amendment. Since the Base Offense Level is not affected by the application of the amendment, a reduction cannot be made pursuant to Amendment 706.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #163) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Brandt Alonso Rice
U.S. Probation
U.S. Marshal